NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MURPHY FAULKS, PETITIONER, v. PUBLIC SERVICE PRODUCTION COMPANY, RESPONDENT.

For the petitioner, *Michael Breitkopf*.

For the respondent, *Henry J. Sorenson*.

\*　　\*　　\*　　\*　　\*　　\*　　\*

It appears that the petitioner was employed on October 21st, 1926, by the respondent as an iron worker, and while he was in the act of reaming holes with an iron reamer the petitioner caught his hand on the apparatus in such a way so that he received injuries to the second and third fingers of the right hand. Immediately after the accident the petitioner visited Dr. Lowrey, of the city of Newark, for treatment, and then returned to his work and continued working throughout the entire day. He worked continuously for three days after the accident, at which time he was one of a group of men who were laid off by the respondent because the work which they had been doing was completed, and there was no further need for them. Subsequent to that time the petitioner filed his petition claiming that he was entitled to temporary disability, and also permanent disability. His claim for permanent disability is based upon the fact that he alleges he has not as firm a grip at the present time as he had before the accident. In the petitioner's case there was no doctor produced, but there was a stipulation entered between the counsel for the respective parties that Dr. Londrigan had made an estimate of ten per cent. permanent disability of the second and third fingers, but at the time that he made this estimate he did not have the benefit of the X-rays which were taken, and which clearly showed that there were no fractures involved. The significant fact in the petitioner's testimony is that he had only seen a physician once for medical treatment, and that was on the day of the accident. The respondent contended that there was no temporary or permanent disability due, and that while they have given the man five per cent. loss of function of the second finger of the right hand, that this amount was given because there is a slight deformity on

this finger, which deformity is not of a bony character, and so small that it is not noticeable. In sustaining the contention that there is no permanent disability on the part of the petitioner in this case, the respondent produced Dr. Washington, Dr. Feury and Dr. Pascall, who all testified that there was perfect flection of the fingers, and a normal grip in the petitioner's right hand. The respondent further produced X-rays, which were taken by Dr. Wyatt, a roentgenologist, who interpreted the X-rays. He testified that there was no evidence of any abnormalities, nor any fractures in the petitioner's hand.

Inasmuch as the petitioner immediately returned to work, and continued working until he was laid off with a group of men with whom he had been working, and also in view of the positive medical testimony produced by the respondent which clearly shows that the petitioner is not suffering from a permanent disability, I therefore feel that there must be a verdict for respondent.

\*     \*     \*     \*     \*     \*     \*

CHARLES E. CORBIN,
*Deputy Commissioner.*